The next case is agenda number 2, number 130585. People of the State of Illinois v. Anonzo Chambliss. Counsel to the appellant, are you prepared to proceed? Yes, ma'am. Good morning, your honors. Counsel, may it please the court, I'm Assistant Attorney General Jeremy Sawyer on behalf of the people. This court should reverse the appellate court's judgment for three reasons. First, defendant's claim that the trial court erred by not providing him with a preliminary hearing is not reviewable, even for plain error, because by statute, defendant waived his claim when he failed to file a pretrial motion to dismiss the charges on that basis. Second, the claim is not reviewable for the additional reason that defendant invited or acquiesced to the error when he repeatedly sought an immediate trial rather than further pretrial proceedings. And finally, your honors, even if the claim were merely forfeited, the error is not structural and therefore does not satisfy the second prong of the plain error rule because the error had no effect on defendant's trial. So your honors, the most straightforward way for the court to resolve this case is on the basis of waiver. Under section 114-1, a defendant may file a motion to dismiss the information on the grounds that section 109-3.1, which is the statute governing the right to a preliminary hearing, has not been complied with. And section 114-1 also provides that any motion that is not filed within a reasonable time after arraignment is waived. And that waiver provision applies regardless of whether a preliminary hearing is delayed or, as in this case, not held. This court recently reaffirmed in People v. Markham that the statutory speed trial right is waived under the same provision, section 114-1, when it is not asserted before trial. And the same is true here, that the right to a preliminary hearing is waived when the defendant does not file a pretrial motion to dismiss the charges. Counsel, in this case, there were occasions where the defendant was representing himself. Is that correct? Yes, your honor. And how does that play into our analysis? Is that something we should consider? Does that change anything? So your honor, it doesn't change the statutory waiver analysis. The defendant does not challenge the trial court's decision to allow him to proceed pro se. I would note that it impacts, perhaps, the invited error analysis. If the court were to use that method to resolve this case, perhaps that might be a reason to resolve the case on the basis of waiver rather than invited error. But our defendant, once he was allowed to proceed pro se, he repeatedly requested an immediate trial. He stated that the trial court was violating his rights by not allowing him to proceed directly to trial. So certainly his actions, I believe, were inconsistent with the idea that he now claims that he was denied the right to a preliminary hearing. Is waiver the term we want to use here? Is this waiver or forfeiture? I mean, we know waiver, we call it waiver when you knowingly decide to forego or give up a right or whatever. And in this instance, the right to a preliminary hearing is enshrined in the Constitution. And so we've got a self-represented litigant, constitutionally enshrined right that did not take place. And obviously there's nothing indicating that he was necessarily informed that, hey, you have a right to a preliminary hearing. Are you going to waive that, give that up? Yes, Your Honor. So waiver is still the correct term to use because that's the term that the legislature chose to employ in Section 114-1, providing that this claim is waived if it's not raised before trial. And the court recently decided that he will be markum in the trial context, which said that under the same section, Section 114-1, the claim is waived when it's not asserted before trial. And so statutory waiver, as this court has said, does not require any affirmative action by the defendant. I understand that he's challenging the concept of statutory waiver, perhaps in his brief. However, the court has said that when the legislature uses the term waiver, that waiver can occur without any affirmative action, and that's the case here. For this reason, defendants also incorrect that there's any conflict between Section 114-1's waiver provision and Section 111-2. Section 111-2 provides that a prosecution cannot be pursued by information unless a preliminary hearing is held or waived. By its terms, that statute allows for the possibility that a defendant may waive the right to a preliminary hearing, and that's what happened here under Section 114-1. When a defendant went to trial without filing a pretrial motion of dismiss, he waived the claim that he now seeks to assert. So in this instance, there was never an occasion where the defendant was in front of the court and indicated to the court, I want to waive my right to a preliminary hearing, and the court explained, you know, what that meant and that he had a right to such a hearing. That never occurred, right? That's correct, Your Honor. And I think it's important to note the context in which this occurred. The trial court was attempting to explain to defendant his rights at the pretrial hearing in April 2022. When the trial court removed defendant from the courtroom because he was being disruptive, the trial court was attempting to explain to defendant that there are various pretrial steps that would have to take place, such as discovery. Defendant was interrupting the court, and on some occasions he used profanity. And so because of defendant's disruptive actions, the court was not able to explain to him the full set of pretrial proceedings that would normally take place. And rather than revisit the issue of a preliminary hearing, the court decided to accommodate defendant's request to proceed directly to trial. So there was nothing that prohibited the trial court from just simply setting the matter for a preliminary hearing, correct? Yes, that's correct, Your Honor. And so the people concede that it was error not to conduct a preliminary hearing. However, in the context of the pretrial proceedings and defendant's disruptions, he invited, or at least acquiesced to the error, because he repeatedly complained that the concept of pretrial proceedings was violating his rights. From the beginning, he suggested to the trial court that the fitness proceedings were a stall that was meant to violate his rights. And in the final pretrial hearing, he similarly suggested that his rights were being violated and that he asked for a trial the next month, which the court accommodated. And so under the rule of invited error, he cannot now attack the way in which the court proceeded, when he asked the court to proceed in that manner. And he was pro se? He was pro se, yes. He does not challenge the trial court's decision to allow him to proceed pro se, and so that's not before this court in this case. Counsel, are you suggesting that we're supposed to ignore the fact that his due process rights were violated? Well, Your Honor, there is a constitutional right to a prompt preliminary hearing, but this court has said that that right is only enforceable through the statute, which was enacted in 1984 providing for a remedy, and the remedy for a violation of the right to a prompt preliminary hearing is filing a motion to dismiss the charges, and the charges may be dismissed without prejudice, and the state has to file new charges. But the legislature also provided in Section 114-1 that when the defendant does not raise that claim before trial, the right is waived. Wouldn't we assume that the legislature assumed that the person representing the defendant would be an attorney, and therefore the attorney would know to file those motions? Well, Your Honor, I don't believe that's necessarily the case. I think there's quite a bit of case law suggesting that when a defendant decides to proceed pro se, he's not entitled to special protections that don't apply to a defendant who is represented by an attorney. Here, of course, the defendant was initially represented by an attorney who sought to file various motions on the defendant's behalf and sought to litigate the issue of fitness. However, the defendant objected to that. He did not believe that his fitness was an issue, and he wanted to proceed pro se, and once he was permitted to proceed pro se, the trial court was entitled to but I believe required to treat him like any other litigant, and then ultimately accommodated his demand to proceed directly to trial. So the defendant's actions were inconsistent with holding any additional pretrial proceedings, including a preliminary hearing, and so for that reason he invited or acquiesced to the error and review of his claim is unavailable on that basis. If we were to find that this was structural error, what would be the remedy? What would be the remedy for a finding of structural error in this context? So, Your Honor, I believe if the court were to find that the claim were reviewable for plain error and that it does satisfy the second prong of the plain error rule, the remedy would be to dismiss the charges, but the charges would need to be dismissed without prejudice. So the appellate court compounded its error in analyzing the error under the second prong of the plain error rule by ignoring the statute, which provides that a dismissal on the basis that the right to a preliminary hearing was violated is a dismissal without prejudice, allowing the charges to be brought again, and the appellate court suggested that that was not the case. So that's another layer of error in the appellate court's judgment. How do we deal with the fact, talking about remedy now, that the issue here is that he had a constitutional right to a preliminary hearing where the court would determine before trial whether or not there was probable cause for the case to go forward? Because what happened here was after the defendant demanded trial, the case did go to trial before a jury, and a jury found him guilty at the highest standard of proof we have, proof beyond a reasonable doubt. Yes. So how is that? How do we figure that out? That, yes, there was not this early review of the evidence to determine whether or not there was enough to bring him to trial, when, in fact, a jury decided that he was guilty. Yes, Your Honor. Beyond a reasonable doubt. So that goes to why it was not structural error, because, as Your Honor notes, the case did go to a jury where it determined beyond a reasonable doubt that he was guilty, and the defendant doesn't challenge anything about that trial. He concedes that he was proven guilty beyond a reasonable doubt. And so the court has said that any error that is amenable to harmless error analysis is not structural error, and this error is amenable to harmless error analysis. We can ask whether it was harmless, and, in fact, we know that it is harmless, because there was not only probable cause to believe that the defendant committed these crimes, but, in fact, it was proven beyond a reasonable doubt. And so this error was not only amenable to harmless error review, but, in fact, it was harmless, and, therefore, it cannot be structural error. Additionally, this court has held and people beheld that the violation of the right to a preliminary hearing is not plain error, because the defendant was not deprived of a fair and impartial trial. And, as Your Honor notes, the same is true here. Defendant was not deprived of a fair and impartial trial, and, indeed, he doesn't allege that he was. And so Howell controls this case and dictates that this was not structural error. Now, in Howell, refresh my memory, was the prelim simply delayed versus denied? So, Your Honor, it was delayed in that case. I believe it was 65 days delayed. So a little bit different than here, where one never took place. It is a slightly different scenario, Your Honor, but the holding is the same, where the court asks, is this plain error, where defendant was not deprived of a fair and impartial trial, but there was an error in this preliminary step. And the court held it was not plain error because the defendant received a fair and impartial trial. And so that holding applies, even though here the preliminary hearing was not held, rather than there being a delay. And my friend makes much of the fact that the court said in dicta in Howell that this was a violation of the defendant's rights in that case, because there was a 65-day delay. And the people concede that there was a violation here as well, but that does not mean that the holding of Howell, that there was no plain error, where a defendant received a fair and impartial trial, does not control. This court has said that an error is structural only if it necessarily renders a criminal trial fundamentally unfair or an unreliable means of determining guilt or innocence. This error in not holding a preliminary hearing did not render the trial fundamentally unfair, and it had no effect on the defendant's trial. And as discussed, an error cannot be structural if it is amenable to harmless error analysis, which this error is, and it was in fact harmless. So if the court has no further questions, people reserve the remainder of time for a vote. Thank you, Your Honor. I have one question here. So there's a difference between a fair trial and an unfair process. And so your argument is, well, there was a violation in this constitutional right. In the process, but the trial itself, there were no issues. Yes, Your Honor. There were no issues in the trial, and the court has said that an error is structural only if it renders the trial unfair or an unreliable means of determining guilt or innocence. And this error did not affect the trial in any way. And so it's not a structural error for that reason. I would also note that this defendant concedes that the right to a preliminary hearing may be waived, and so that makes it different from some. The only types of error that this court has held are structural, because, for instance, the defendant has a right to have a sworn jury. That's a necessary component of any criminal trial or any criminal case that proceeds to trial. But here, the defendant concedes that this right to a preliminary hearing may be waived, and so it's not a necessary component of any criminal case, and therefore not a structural error. So I will reserve the remainder of my time for rebuttal. Thank you, Your Honors. Thank you very much, Counsel. Counsel for the appellee.  May it please the Court. My name is Julie Thompson. I'm here from the Office of the State Appellate Defender to represent Mr. Chambliss and ask that this Court affirm the appellate court's reversal of his conviction for aggravated battery. Preliminary hearing is a critical stage of the proceedings at trial, and Mr. Chambliss did not receive a preliminary hearing prior to his trial. Counsel, I'd like to ask the question that Justice Overstreet asked her opponent. Is there a difference between a fair process and a fair trial? There is, Your Honor. And in this case, your client is not complaining about trial being unfair. He's claiming that the process leading up to trial was unfair. Yes, Your Honor. And that is what the appellate court found.  And the fact that the jury found him guilty beyond a reasonable doubt, which is a higher standard than would be applied in the process stage, does that make a difference? Here it does not, Your Honor. Why not? Because the process itself matters, and the process was not followed. Mr. Chambliss, when he was denied a preliminary hearing, obviously a probable cause finding is a lesser standard than beyond a reasonable doubt finding. But the steps, the process to get from the beginning of the charge to an actual trial still has to be followed. It still matters. And that's why the appellate court found it was a fundamental flaw in the trial, in the process. Is that insulting form over substance? I don't think so, Your Honor, because if we say that this can be allowed to happen, what happened here was Mr. Chambliss was never told that he had a right to a preliminary hearing. He was never asked if he wanted to waive his right to a preliminary hearing. So when we look at what happened here, the outcome can't be allowed to negate the errors that happened previously. We can't say because he was convicted it's okay that he didn't have a preliminary hearing. So in a situation like this where the jury did find him guilty beyond a reasonable doubt, and I think you agree that that's a higher standard, what's the remedy? The remedy here is what the appellate court did. It was a reversal of the conviction because there was fundamental error in the process that led to that conviction. So by not exercising and preserving by making a motion to dismiss and going through that process, Mr. Chambliss is going to get a better remedy than the person that does preserve the error, makes the motion to dismiss, and has that granted? Your Honor, our position on this is that when we look at the statute that counsel references, it was part of a package of amendments that were prepared by the legislature to enforce the idea of a prompt preliminary hearing from the Constitution because it wasn't being enforced. So we have now legislation in place to do that. But it was intended to resolve issues of prompt preliminary hearings where there were delays in preliminary hearings. Mr. Chambliss didn't have one at all. So our position is that this set of statutes that counsel references simply don't apply here because they apply to prompt preliminary hearings or delayed preliminary hearings. But that's not what Justice O'Brien asked. I'm waiting. I'd really like you to answer that question. I mean, are you saying that he would – your client would then get a better outcome because he didn't do certain things and people who – other defendants who did the things that they were supposed to, they would be – they would, in effect, have a lesser outcome? Is that a correct remedy or is that how this comes out? Under the dismissal statute, Your Honor, if the court dismisses for failure to provide a prompt preliminary hearing, the state does have the option of refiling charges and bringing that case again. There's no obligation for them to do so. So a defendant who has charges dismissed for violating a prompt preliminary hearing may or may not face those charges again. In this situation, because our position is that prompt does not apply here, it's the fact that he had none at all, the remedy should be different than the remedy for delayed preliminary hearing. And the remedy that the appellate court fashioned was not only to reverse his conviction and vacate his sentence, but bar a retrial. How did we get there? I mean, a jury heard all the evidence. There's no question he had a fair trial. There's no question that the evidence was overwhelmed. How do we get to a place where, because of an earlier step in the process, he was not given a preliminary hearing, that he can't be retried? How do we get there as a remedy? I think because at this point there's no way to go back. Pardon? There's no way to go back. Right. I mean, what are we going to do, order a preliminary hearing? Order a preliminary hearing, there's already been a finding of proof beyond a reasonable doubt. So that doesn't make sense. So the only thing to do is to say, despite the finding of the jury, he walked straight. Is that right? In this situation, it is, Your Honor, yes. I ask you again, is that exalting form over substance? It is not, Your Honor. The idea that the trial court here could skip over a constitutionally guaranteed preliminary hearing for Mr. Chambliss and he could subsequently still be convicted and we would uphold that conviction, I don't see a place in form over substance. The requirement of that preliminary hearing is enshrined in the constitution. It has to be followed. There is no other remedy that makes him whole. There is no other way for the court to remedy this situation other than a reversal. The state here talks about Mr. Chambliss has waived his right to a preliminary hearing because he didn't follow the statute. But what counsel doesn't address is that this court's precedent requires for the waiver of a preliminary hearing that there be an affirmative act by the defendant. He has to have been advised and he has to make a knowing and understanding waiver of his right to a preliminary hearing. And that simply wasn't done here. In fact, Mr. Chambliss was preliminary hearing was only mentioned in this case three different times. He wasn't present for one of those times. And the final time was the January before his jury trial occurred in May. So at no time was he ever asked, never told that he had the right to a preliminary hearing. He was never asked whether or not he waived or knowingly gave up that right to a preliminary hearing. Instead, what happened in his final pretrial was that Mr. Chambliss came into court. The court found him fit to stand trial. At that point, the court had received a report from the doctor. The court granted counsel's motion to withdraw. The court went through the Rule 401 waiver of counsel provisions with Mr. Chambliss and allowed him to represent himself. And then Mr. Chambliss asked for trial. And the court ordered a trial. That's where the error happened. That's where the trial court should have said, first we need to have a preliminary hearing or you have to waive your preliminary hearing. And that simply didn't happen here. Counsel, I'm struck by the language in the Constitution as well as the statutory language. I know we're talking about form over substance. But when the Constitution specifically says, no person shall be held to answer for crime punishable by death or by imprisonment in the penitentiary unless either the initial charge has been brought by indictment of a grand jury or the person has been given a prompt preliminary hearing to establish public cause. That's what the Constitution says. So are we going to start going down a slippery slope where, oh, well, you know, you had a trial even though the Constitution wasn't complied with, so we're just going to look over that? That is the concern that we have here, Your Honor, and that's why I think the remedy is a reversal of this conviction. We cannot just skip a fundamental essential constitutional right. And there is no other remedy that corrects this error other than the reversal. If there's a reversal and a new trial is ordered and a preliminary hearing takes place, why can't we do that versus, you know, reversal with prejudice and you can't retry the person? Well, this court, of course, can take whatever steps it believes is necessary to resolve this matter, but our position is that the appellate court was correct when it said that the due process violation was of such a fundamental right that reversal is the only appropriate remedy here. And the language in the Constitution and the statutory language, upon whom is the burden placed to ensure that these things are followed? Is that burden on the defendant or is it on the trial court, state's attorney's office? Who's responsible for making sure that the process goes the way it's supposed to go? The trial court and the state's attorney's office primarily are responsible for this, Your Honor. The trial court in particular has an obligation to follow the laws, and what happened at that final pretrial hearing demonstrates that the trial court was certainly capable of that, that the 401 admonishments were provided to Mr. Chambliss, and he subsequently asked for a trial. As counsel pointed out, the situation devolved from there, and Mr. Chambliss ultimately was removed from the courtroom, and the trial judge then scheduled a trial. At the end of that hearing, after Mr. Chambliss was removed from the courtroom, the judge literally went over every step that he had taken that day, and at the end of it says, I think we've got everything ready, and the state agreed. The problem is what they hadn't done was a preliminary hearing or a waiver of a preliminary hearing, and it was never mentioned at all at that final hearing before Mr. Chambliss faced the trial. So may I ask a remedy? Again, I'm going to ask some questions about remedy. You are agreeing that, or at least you're not arguing that there was any prejudice here. There was that this failure to have a preliminary hearing did not affect Mr. Chambliss's opportunity to prepare for trial or limit the scope of the trial. There's no prejudice to him in that sense, correct? There isn't, Your Honor, but we can only say that because he didn't have a preliminary hearing. Can you point to something? Other than the fact that it's a violent, that he should have had a preliminary hearing, is there anything you're suggesting that had any impact on the resolution of this case? No, right? No, ma'am, because there was no preliminary hearing held. Okay. So the appellate court said, therefore, he's free. The fact that the jury found him guilty beyond a reasonable doubt doesn't matter. There is no conviction here. He can't be retried. All right, so let's say there's a different remedy. Let's say we send it back for a new trial. Do we also have to send it back for a preliminary hearing? Yes. Even though there's been a finding of proof beyond a reasonable doubt? Yes. Yes, things can change. Preliminary hearings are to find probable cause, but at a preliminary hearing, a witness has to appear and testify to establish that probable cause. So the fact that in 2022, when this case was originally charged, perhaps the state could have proved probable cause, and we don't know that because it didn't happen. We can assume that perhaps they would have. How many witnesses were involved in this case? Four witnesses plus Mr. Chambliss testified. Were they all eyewitnesses? At trial. Three of the four were, yes. Were eyewitnesses identifying Mr. Chambliss as the person who struck? Was there a videotape? There is not a videotape of the incident, Your Honor. There's a subsequent videotape of Mr. Chambliss being transported to the county jail. Okay. So there was quite a great deal of evidence that was available had there been a preliminary hearing. All of that evidence would have come in, correct? Some of it would have, probably not all of it. It wouldn't have been necessary to prove probable cause to have all of it, but, yes, there was significant evidence to use. So we'd go back, the case would go back, and all of those same people who testified at trial, and the jury believed them and found that there was proof beyond reasonable doubt, they would have to testify again on this lower standard of probable cause. Is that right? At least one witness, and usually, Your Honor, what the state does is uses a police officer for that. But, yes, they would need to do that again because things change. Those witnesses may or may not be able to be located to be able to demonstrate probable cause at a preliminary hearing. So we don't know, standing here today, whether they could prove probable cause or not. I've got a question. Do you think, this is not in the case, do you think that the state could introduce their testimony from the trial into the preliminary hearing? I'm sorry, I know that's not an issue in the case, but when you say that, they testify. They testify, there is a cross-examination, those witnesses testify. Wouldn't their testimony be admissible in the preliminary hearing? If the state could not locate one of those witnesses and went through the proper steps to introduce that, yes, I believe their prior testimony. So you'd have a mini-trial before we got to the trial. That's what a probable cause finding is, Your Honor, is a mini-trial before we get to trial to make sure that we need to have a trial. And Counsel, you mentioned that normally it's simply a police officer who's testifying at a prelim. It's rare, would you agree, to have additional witnesses other than a police officer at the preliminary hearing? Yes, it is rare, Your Honor. It happens usually when the state has a very significant underlying reason for actually putting a victim or an eyewitness on the stand. Ordinarily, it's just a police officer. Counsel, is the crux of your argument that the nature of this right being, you know, woven into the Constitution really demands that this is, you know, the remedy is significant that we either send it back for the new trial or affirm the appellate court? It is, Your Honor. That is the crux of the argument, that the constitutional guarantee that a court will not detain you indefinitely without a finding of probable cause has a very long and storied history in our jurisprudence. And the significance of that cannot be overlooked. It simply can't. The findings of probable cause go back to 1154 in the reign of King Henry II. We have required probable cause to be found before a person is bound for trial. It prevents two things. It prevents oppressive government conduct, and it prevents overreach and overzealous prosecution. Both of those, I would suggest to this court, are necessary in today's world as well as the Middle Ages. Was this an overreach in prosecution? I would not suggest that this was an overreach in prosecution, Your Honor. However, that's the purpose of the right, and it did result in Mr. Chambliss being detained beyond the 30-day limit for prompt preliminary hearings. And the day he was found fit, the very first time any of these rights would come into play, he demanded a trial and got a trial in six weeks. Yes. So he had a long delay of detaining him without this finding. He was detained for 42 days before he was tried. After he was found fit, Your Honor, he was detained for a significant period prior to that fitness finding. So he was detained longer than the 30-day prompt preliminary hearing. Our position is that this is second-pronged structural error, that it is very similar to this court's previous decision in People v. Moon where the court failed to swear the jury, and as a result the trial was found to be fundamentally unfair. The evidence there was overwhelming against that defendant as well, and the court found it to be second-pronged structural error. Our position is the same. This tracks with the facts in the Moon case as well as the court's decision in the Moon case. When no preliminary hearing is held, a structural error is committed by the trial court. And perhaps in Mr. Chambliss' case, we need to look beyond Mr. Chambliss' case because this will not affect just Mr. Chambliss. The idea that the state and the court can skip a preliminary hearing and it's okay that they've skipped a preliminary hearing because the defendant is subsequently convicted cannot be accepted by this court. It simply is wrong. The detention of an individual without a finding of probable cause has been found to be wrong from the Middle Ages forward. We have to have some kind of a check on the government's overreach. And because no preliminary hearing occurred and because no preliminary hearing matters to everyone, we ask that this court affirm the decision of the appellate court, find that this was structural error, and reverse the conviction. If there's no other questions, thank you. Thank you very much. Counsel will reply. Mr. Sawyer, can I ask you about this last point that was raised? The impact that a ruling that the preliminary hearing was not necessary might have on future cases. Can you respond to that? Yes, Your Honor. So the legislature has provided that this claim is waived. The burden is on the defendant to raise this claim. And this court's holding that the claim is waived and is not subject to review would keep the burden on the defendant to raise these claims rather than allowing the defendant to stand idly by and to raise the claim belatedly after he's been found guilty at trial. So, Your Honor, I think statutory waiver really controls this case. The legislature provided in Section 114-1 that the claim is waived. If it is not asserted in a pretrial motion, dismiss. And it's the defendant's burden to raise the claim that he was denied a preliminary hearing and that probable cause was absent. The legislature has provided that the defendant has this burden and that review is unavailable if the defendant does not raise it. Counsel, what burden is it to set the matter for a preliminary hearing? Your Honor, in the ordinary course, the court should set the matter for a preliminary hearing. In this case, it's not the case that there was no discussion of a preliminary hearing. Indeed, there were discussions between the trial court and counsel. The trial court raised the possibility of a preliminary hearing at multiple stages. Defendant, when he was represented by counsel, said we should put off a preliminary hearing because the real issue is whether defendant can be found fit to stand trial. So at a time when the defendant was basically presumed to be unfit, his attorney said let's hold off on the prelim. But the court is responsible for setting the matter for a prelim. Is that correct? Yes, Your Honor. And so the people concede that there was error. And the question is whether there is any remedy for that error. And for the reasons discussed, there is not such a remedy. I'd like to discuss the distinction between the constitutional right and the statutory right. Counsel, you still have not answered Justice Rochford's question. Are you telling us the trial courts will enforce this constitutional provision if we reverse this case? You see, that's the court's concern. We want defendants to have either be indicted or for the trial court to hold the preliminary hearing. We need some assurance that that's going to take place. Yes, Your Honor. But this court has said that the statutory right is the only way in which the constitutional right is enforceable. And so it's up to the legislature, as this court has said, this court said in Howell and in Hendricks, it's up to the legislature to enforce, to provide for the penalties for a violation of the right. But this case is before us this morning. And this defendant did not have a preliminary hearing, and he wasn't indicted. As I asked you before, do we just ignore that? That's what you're asking us to do. In a case in which a defendant is not indicted and does not have a preliminary hearing and agrees that that is the correct course of action, there is no remedy for that violation. And I think it bears repeating that to the extent that that's the court's concern about the fairness to this particular defendant, that he invited the error himself by asking the court to proceed directly to trial. But our question is specifically, what are future courts going to do? That's what we want to know. Yes. Now, I know that you're kind of speculating, but we want to send them a message that they're supposed to enforce this constitutional provision. Yes, Your Honor. So I think it would be appropriate for the court to say, in its opinion, reversing the judgment. In dicta, first of all, we agree either that the claim is waived or it's waived because it's waived under the statute or it's waived under the rule of invited error, or it's not second-pronged claim error. For any of those reasons, the judgment should be reversed. And in the court's opinion, the court can admonish trial courts that it is important to provide preliminary hearings and to the extent that there are other cases in which trial courts are not timely holding preliminary hearings, this is an important constitutional right, and trial courts are bound to follow that direction. So to the extent trial courts are not following this provision, what do we do with them? Yes, Your Honor. So to the extent that trial courts are not following the provision, again, there's little role for this court to play. As this court has said, it's for the legislature, and so that process can work as well. We've seen actually in the legislative history that the 1984 statute, which for the first time provided a remedy for the violation of this right, that followed admonitions from this court in the pre-1984 cases, such as Howell and Hendricks, basically saying to the legislature, this is an important right, and we think that you ought to do something about this and enact some legislation, and the legislature responded. And so to the extent that the court believes the current legislation is insufficient to address the problem, you could say, again, in your opinion, reversing the appellate court's judgment, that you think the court ought to go farther and maybe provide this right might not be subject to waiver. They don't always listen to us, right? And so we have an obligation to look out for people's constitutional rights, this court. We can't just point the finger at the legislature. Is that true? Yes, Your Honor. However, this court is bound to defer to the plain text of legislation that is provided, that is enacted by the General Assembly, and here the General Assembly said very clearly that this claim is waived if it's not raised in a pretrial motion to dismiss. And so, you know, the role of the court is to follow the plain text of that legislation, as the court has said. Counsel, if we were to find that the defendant did not act yes, does that change the analysis? Because here, I mean, we know people will come before the court, their first appearance in the court, when you're just trying to explain the charges and the possible penalties and all that, and they'll say, I want a trial. I want to set it for trial. Is that really acquiescing in giving up the right to a preliminary hearing? So I think it's acquiescence in this particular case where a defendant was very insistent that he go to trial, and, indeed, he did not allow the trial court to conduct any pretrial proceedings because he was interrupting with sort of unrelated interjections that my rights are being violated and I need to go to trial. It's not necessarily the case in every criminal matter where that's going to qualify as acquiescence, not mentioning it, but in every criminal case in which a defendant does not raise this claim in a pretrial motion to dismiss, the claim is waived. Let me ask you this. Are you aware of any other cases where there was not a preliminary hearing and then the case went to a jury trial or to a trial? Well, not the prompt ones, the cases about a prompt hearing, where there was no preliminary hearing at all. Are you aware of any cases? I'm not aware of any case that fits that scenario unless the right to a preliminary hearing is affirmatively waived, and I think it is a best practice. I'm just saying, so this does not seem to be a recurring problem. Correct. I've seen lots of cases where this happens, correct? Yes, Your Honor. I believe it's a very unique scenario, and I haven't seen any indication, and I don't believe defendant suggests that this is a widespread problem. It's somewhat unique to this case in which it seems that the trial court forgot to hold a preliminary hearing after discussing it in an earlier stage and then sort of being interrupted by defendant and sidetracked by the issue of fitness. Isn't that exactly what happened in Moon? The judge just forgot to swear the jurors? Yes, I believe that's correct. However, Moon is different from this case for a couple reasons. First, because the right to a preliminary hearing is waivable. This court has suggested in Jackson that the right to a properly sworn jury is not waivable. It's just a necessary component of every criminal case. And again, as discussed, this right has nothing to do with the trial. So the court has said the most important protection for a defendant is a fair trial. As defendant concedes, he did receive a fair trial, at which a jury found him guilty beyond a reasonable doubt. So the error at the preliminary stage was harmless. And so for all these reasons, the people asked that this court reverse the appellate court's judgment and reinstate defendant's convictions. Thank you, Your Honor. Thank you very much. You may be seated. In this case, agenda number two, number 130585, people of the state of Illinois versus Hensano, Chambliss will be taken under a five.